No. 25-60506

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL,
*Plaintiffs-Appellees*,

*v.*

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI,
*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:22-cv-00062-SA-JMV

**MOTION OF DEFENDANTS-APPELLANTS
TO PLACE APPEAL IN ABEYANCE**

|  |  |
|---|---|
|  | LYNN FITCH |
|  | *Attorney General* |
|  | SCOTT G. STEWART |
|  | *Solicitor General* |
|  | JUSTIN L. MATHENY |
| MICHAEL B. WALLACE | ANTHONY M. SHULTS |
| CHARLES E. COWAN | *Deputy Solicitors General* |
| WISE CARTER CHILD & | MISSISSIPPI ATTORNEY |
|   CARAWAY, P.A. |   GENERAL'S OFFICE |
| P.O. Box 651 | P.O. Box 220 |
| Jackson, MS 39205-0651 | Jackson, MS 39205-0220 |
| Telephone: (601) 968-5500 | Telephone: (601) 359-3680 |
|  | Email: justin.matheny@ago.ms.gov |

*Counsel for Defendants-Appellants*

# CERTIFICATE OF INTERESTED PERSONS

Under this Court's Rule 28.2.1, governmental parties need not furnish a certificate of interested persons.

*s/ Justin L. Matheny*
Justin L. Matheny
*Counsel for Defendants-Appellants*

# MOTION TO PLACE APPEAL IN ABEYANCE

Defendants-appellants respectfully move this Court under Federal Rule of Appellate Procedure 27 to place this redistricting appeal in abeyance, with defendants-appellants to file a status report in 60 days. This appeal presents outcome-determinative issues that overlap with issues presented in at least 8 redistricting cases pending in the U.S. Supreme Court and this Court. An abeyance will conserve party and judicial resources, will promote the efficient and orderly disposition of this appeal, and will not prejudice any party. Counsel for defendants-appellants have conferred with counsel for plaintiffs-appellees, who advised that they take no position on the motion.

## BACKGROUND

1. This appeal arises from a challenge brought by private parties claiming that the election districts for Mississippi's nine Supreme Court Justices violate section 2 of the Voting Rights Act, 52 U.S.C. § 10301. D. Ct. Dkt. 264; *see White v. State Board of Election Commissioners*, — F. Supp. 3d —, 2025 WL 2406437, at *1 (N.D. Miss. Aug. 19, 2025). Plaintiffs-appellees claim that the configuration of the State's three supreme-court districts violates section 2 by "illegally diluting the votes of Black citizens in the Central District." *Ibid*. In August 2024 the district court held an eight-day bench trial that included testimony from 17 witnesses and thousands of pages of exhibits. *Id*. at *2.

On August 19, 2025, the district court ruled (among other things) that Fifth Circuit panel precedent forecloses defendants' defense that private parties may not sue to enforce section 2 and that the State's current supreme-court districts violate section 2. 2025 WL 2406437, at *2-3, *5-53. The court enjoined future elections on those district lines, which made its interlocutory liability order appealable under 28 U.S.C. § 1292. *Id.* at *53. But the court did not immediately establish a timetable for any further proceedings. *Ibid.* The court instead, a few weeks later, directed the parties to file memoranda within 30 days stating their positions on remedial issues in the case. D. Ct. Dkt. 267.

On September 17, defendants timely appealed to this Court from the district court's liability order and injunction. D. Ct. Dkt. 269. As of this filing, the district court has not yet compiled and transmitted the record and this Court has not established a briefing schedule.

2. In the coming months, the U.S. Supreme Court and the en banc Fifth Circuit are poised to decide legal issues in three sets of cases that will materially affect the issues in this appeal and further proceedings in this case—and may fully resolve this case.

*First*, the U.S. Supreme Court at its upcoming Term will likely resolve whether private parties may sue to enforce section 2 of the Voting Rights Act. *See State Board of Election Commissioners v. Mississippi State Conference NAACP*, S. Ct. No. 25-234; *Turtle Mountain Band of Chippewa Indians v. Howe*, S. Ct. No. 25-253; *Allen v. Singleton*, S. Ct.

No. 25-273 (and related cases). The circuits are divided on that private-enforcement question. *E.g.*, *Robinson v. Ardoin*, 86 F.4th 574, 587-88 (5th Cir. 2023) (private plaintiffs may sue to enforce section 2); *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 86 F.4th 1204, 1208-17 (8th Cir. 2023) (section 2 does not impliedly authorize private suits); *Turtle Mountain Band of Chippewa Indians v. Howe*, 137 F.4th 710, 713, 716-21 (8th Cir. 2025) (private plaintiffs may not sue to enforce section 2 through 42 U.S.C. § 1983). The pending U.S. Supreme Court cases raising this question include direct appeals, from three-judge district courts, that invoke the Supreme Court's mandatory appellate jurisdiction.

In *SBEC v. Mississippi NAACP*, the appellants (who include defendants-appellants in this case) seek review of a three-judge district court's ruling that private plaintiffs may sue to invalidate certain state legislative districts under section 2. Jurisdictional Statement 4, *SBEC v. Mississippi NAACP*, S. Ct. No. 25-234 (Aug. 26, 2025). That direct appeal under 28 U.S.C. § 1253 presents the question "[w]hether private parties may sue to enforce section 2 of the Voting Rights Act, 52 U.S.C. § 10301." *Id.* at i. The parties and counsel in *SBEC* and this case overlap. Counsel of record and other counsel for the *SBEC* appellants represent defendants-appellants here. *Id.* at 33. And counsel of record for the *SBEC* appellees include lead trial counsel for plaintiffs-appellees here. Motion for Extension, *SBEC v. Mississippi NAACP,* S. Ct. No. 25-234 (Sept. 15,

3

2025). The *SBEC* appellees' motion to affirm is due on October 14. Order, *SBEC v. Mississippi NAACP*, S. Ct. No. 25-234 (Sept. 17, 2025).

In *Turtle Mountain Band of Chippewa Indians v. Howe*, the individual petitioners seek certiorari review under 28 U.S.C. § 1254(1) of an Eighth Circuit ruling that they lack a private right of action to challenge a state legislative district under section 2. Petition for Certiorari 1, *Turtle Mountain Band of Chippewa Indians v. Howe*, S. Ct. No. 25-253 (Sept. 2, 2025). That case identifies the question presented as "[w]hether Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, is enforceable by private plaintiffs through 42 U.S.C. § 1983, an implied right of action, or both." *Id.* at i. The U.S. Supreme Court already stayed the Eighth Circuit's mandate pending consideration of the petition for certiorari. Order, *Turtle Mountain Band of Chippewa Indians v. Howe*, S. Ct. No. 25A62 (July 25, 2025). The *Turtle Mountain* respondent filed his brief in opposition to certiorari on September 19. Brief in Opposition, *Turtle Mount Band of Chippewa Indians v. Howe*, S. Ct. No. 25-253 (Sept. 19, 2025).

In *Allen v. Singleton* and related cases invoking the U.S. Supreme Court's mandatory and certiorari jurisdiction, the state appellants/petitioners seek relief from the district courts' section 2 remedial rulings. Jurisdictional Statement 2, *Allen v. Singleton*, S. Ct. No. 25-273 (Aug. 26, 2025); *see* Jurisdictional Statement 2, *Allen v. Milligan*, S. Ct. No. 25-274 (Aug. 26, 2025); Petition for Certiorari Before

Judgment 2, *Allen v. Caster*, S. Ct. No. 25-243 (Aug. 26, 2025). Those cases each present the question (among others) whether "§ 2 [of the Voting Rights Act] create[s] a privately enforceable right." Jurisdictional Statement i, *Allen v. Singleton*, S. Ct. No. 25-273 (Aug. 26, 2025); *see* Jurisdictional Statement i, *Allen v. Milligan*, S. Ct. No. 25-274 (Aug. 26, 2025); Petition for Certiorari Before Judgment i, *Allen v. Caster*, S. Ct. No. 25-243 (Aug. 26, 2025). The respondents' brief in opposition to certiorari in *Caster* is due on October 3 and the appellees' responses to the jurisdictional statements in *Singleton* and *Milligan* are due on October 10.

*Second*, the U.S. Supreme Court will likely decide in the coming Term whether courts may constitutionally apply section 2 to compel States to consider race in creating electoral districts. *See Louisiana v. Callais*, S. Ct. No. 24-109, consolidated with *Robinson v. Callais*, S. Ct. No. 24-110. In the *Callais* cases, the Supreme Court heard argument in March on a challenge to a state-created congressional district enacted in response to an adjudged violation of section 2 but later set the cases for reargument. *Louisiana v. Callais*, 145 S. Ct. 2608, 2609 (2025). Last month, the Court ordered the parties to file supplemental briefs addressing "[w]hether the State's intentional creation of a second majority-minority congressional district" to remedy an adjudged section 2 violation "violates the Fourteenth or Fifteenth Amendments to the U.S. Constitution." Order, *Louisiana v. Callais*, S. Ct. No. 24-109 (Aug. 1,

2025). That supplemental briefing closes in early October (*ibid.*) and the Court will hear oral argument on October 15 (Order, *Louisiana v. Callais*, S. Ct. No. 24-109 (Aug. 12, 2025)). The pending direct appeals and petition for certiorari in *Allen v. Singleton* (and related cases) raise similar legal issues that question section 2's constitutionality. *See* Jurisdictional Statement i, *Allen v. Singleton*, S. Ct. No. 25-273 (Aug. 26, 2025); *see* Jurisdictional Statement i, *Allen v. Milligan*, S. Ct. No. 25-274 (Aug. 26, 2025); Petition for Certiorari Before Judgment i, *Allen v. Caster*, S. Ct. No. 25-243 (Aug. 26, 2025).

*Third*, a section 2 challenge to state legislative districts currently pending possible en banc review in this Court raises materially the same private-enforcement and constitutionality defenses at issue in the *SBEC*, *Turtle Mountain*, *Allen*, and *Callais* litigation. *See Nairne v. Landry*, CA5 No. 24-30115. In *Nairne*, a panel of this Court last month ruled that those defenses are foreclosed by precedent. *Nairne v. Landry*, — F.4th —, 2025 WL 2355524, at *22-23 & n.26 (5th Cir. Aug. 14, 2025). That same day this Court withheld the mandate. *Nairne v. Landry*, Dkt. 313, CA5 No. 24-30115 (Aug. 14, 2025). A member of the merits panel later denied a motion to stay further proceedings on the appeal pending the *Callais* litigation at the U.S. Supreme Court. *Nairne v. Landry*, Dkt. 328-2 at 2, CA5 No. 24-30115 (Aug. 25, 2025). But that order granted a 60-day extension (to and including October 27) to petition for rehearing en banc. *Ibid.* The *Nairne* appeal is thus effectively on hold. The case could remain

in that posture for months if the state defendants seek rehearing. And, if this Court grants rehearing, the en banc Court would be free to reconsider its section 2 precedents on issues implicated in this appeal.

## ARGUMENT

This Court should hold this appeal in abeyance. An abeyance of this appeal, with a status report due in 60 days, will conserve the resources of the parties and this Court, will promote the efficient and orderly disposition of this appeal, and will not prejudice any party.

Abeyance for at least the next 60 days will conserve the parties' resources. An abeyance will enable the parties and their counsel to focus on the ongoing briefing in their respective redistricting lawsuits now pending at the U.S. Supreme Court. Defendants here are appellants and represented by the same counsel in *SBEC v. Mississippi NAACP*, S. Ct. No. 25-234, a direct appeal under 28 U.S.C. § 1253 challenging private enforcement of section 2. *See* Jurisdictional Statement 4, *SBEC v. Mississippi NAACP*, S. Ct. No. 25-234 (Aug. 26, 2025). Plaintiffs' lead trial counsel here is counsel of record for appellees in *SBEC*. *See* Motion for Extension, *SBEC v. Mississippi NAACP,* S. Ct. No. 25-234 (Sept. 15, 2025). Jurisdictional briefing is expected to last through October. *Ibid.*; *see* Order, *SBEC v. Mississippi NAACP*, S. Ct. No. 25-234 (Sept. 17, 2025). Plaintiffs-appellees' counsel have indicated that counsel in *SBEC* are currently preparing briefs in *Callais* and *Allen*. Motion for Extension, *SBEC v. Mississippi NAACP,* S. Ct. No. 25-234 (Sept. 15, 2025).

An abeyance will also conserve this Court's resources. Abeyance would reduce the need to expend any judicial effort while further developments that may materially affect this case occur in the *SBEC*, *Turtle Mountain*, *Allen*, and *Callais* litigation. And an abeyance would guard against an unnecessary expenditure of resources in this case while this Court considers an anticipated petition for rehearing en banc in *Nairne v. Landry*, No. CA5 No. 24-30115, which involves legal issues that overlap with those presented here.

An abeyance will promote orderly and efficient disposition of this appeal. Within the next two months the U.S. Supreme Court is likely either to decide whether to give plenary consideration to the section 2 private-enforcement question presented in *SBEC*, *Turtle Mountain*, and the *Allen* litigation, or to summarily decide that question. That same question will be raised in this appeal. *See White*, 2025 WL 2406437, at *2-3. So the outcome in the pending private-enforcement cases may fully resolve this appeal—or at least narrow the issues. For example, if at its October Term the Supreme Court exercises its mandatory jurisdiction (in *SBEC*, *Allen v. Singleton*, or *Allen v. Milligan*) or certiorari jurisdiction (in *Turtle Mountain* or *Allen v. Caster*), the Court will decide conclusively whether section 2 is privately enforceable. *See* Jurisdictional Statement 4, *SBEC v. Mississippi NAACP*, S. Ct. No. 25-234 (Aug. 26, 2025); Jurisdictional Statement i, *Allen v. Singleton*, S. Ct. No. 25-273 (Aug. 26, 2025); *see* Jurisdictional Statement i, *Allen v. Milligan*, S. Ct. No. 25-274

(Aug. 26, 2025); Petition for Certiorari Before Judgment i, *Allen v. Caster*, S. Ct. No. 25-243 (Aug. 26, 2025). A ruling for the state parties on that legal issue would fully resolve this section 2 case brought by private parties. A ruling for the private parties—through summary affirmance or after plenary review—in *SBEC*, the *Allen* cases, or *Turtle Mountain* would (at minimum) eliminate any need to litigate the private-enforcement issue in this appeal. By holding this case in abeyance and assessing its status in 60 days, this Court can maintain the status quo of this appeal now and in two months consider whether to continue the abeyance in light of the progression of the private-enforcement suits and other redistricting litigation pending at the Supreme Court.

The *Callais* litigation set to be reheard next month independently supports an abeyance here. There, the U.S. Supreme Court will consider whether, and to what extent, the Constitution allows section 2 to be used to force States to consider race in drawing remedial district lines. Order, *Louisiana v. Callais*, S. Ct. No. 24-109 (Aug. 1, 2025). That mixed question of liabilities and remedies is inherent in any current or future section 2 cases, and certainly may play an impactful role here, no matter which side(s) prevail in *Callais*. A ruling that *any* consideration of race in redistricting conflicts with the Constitution would undermine plaintiffs' claim here that section 2 compels the State to create a majority-minority supreme-court district. And if the Supreme Court stops short of such a ruling, *Callais* will presumably at least explain *how* race may

permissibly be considered in drawing districts. So the Court's guidance could eliminate the need for this appeal or at least shape further proceedings that will lead to the ultimate resolution of this case.

Even if the U.S. Supreme Court does not fully resolve the questions presented in *SBEC*, *Turtle Mountain*, *Allen*, or *Callais*, this Court should still order an abeyance. That result would leave open a path for this Court to resolve either or both questions in the pending *Nairne* case, where the possibility (and perhaps probability) of rehearing en banc remains. *See* Order, *Nairne v. Landry*, Dkt. 328-2 at 2, CA5 No. 24-30115 (Aug. 25, 2025). An en banc ruling that overrules or clarifies circuit precedent on private enforcement of section 2 or on the constitutionality of race-based redistricting would have the same potentially outcome-determinative impact on this appeal as U.S. Supreme Court precedent.

Finally, an abeyance will not prejudice plaintiffs-appellees or any other party. Defendants-appellants have appealed from the district court's interlocutory liability ruling to protect their rights. An abeyance will not block the district court from considering whether and when to move forward with remedial proceedings in this case. And an abeyance will cause plaintiffs-appellees no harm. Their section 2 claim focuses on the state supreme court's Central District. *See* 2025 WL 2406437, at *1, *5-53. But the State is not scheduled to hold the next Central District election until November 2028 (the general election immediately preceding the date that the terms of office for Central District, Places 1

and 2 are set to expire). *See* Miss. Code Ann. § 9-3-1 (district boundaries); *id.* § 23-15-991 (terms of office); State Board of Election Commissioners, Certifications of 2020 Election Returns, http://bit.ly/4nlqx9i (Place 1) http://bit.ly/41Y2xk9 (Place 2). That leaves ample time to resolve this appeal, if necessary, on a reasonable schedule *before* the next Central District election and *after* an abeyance that would allow the parties and this Court to account for binding rulings issued in the *SBEC*, *Turtle Mountain*, *Allen*, *Callais*, and *Nairne* litigation. And, again, an abeyance here would not disturb the district court's ability and flexibility to press forward with a remedial phase of the case, if it chooses to do so, in the coming months.

**REQUEST FOR RELIEF**

Defendants-appellants respectfully request that this Court place this appeal in abeyance with a status report due from defendants-appellants in 60 days.

Respectfully submitted,

LYNN FITCH
  *Attorney General*

*s/ Justin L. Matheny*

SCOTT G. STEWART
  *Solicitor General*
JUSTIN L. MATHENY
ANTHONY M. SHULTS
  *Deputy Solicitors General*
MISSISSIPPI ATTORNEY
  GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
Email: justin.matheny@ago.ms.gov

*Counsel for Defendants-Appellants*

MICHAEL B. WALLACE
CHARLES E. COWAN
WISE CARTER CHILD &
  CARAWAY, P.A.
P.O. Box 651
Jackson, MS 39205-0651
Telephone: (601) 968-5500

September 23, 2025

## CERTIFICATE OF CONFERENCE

On September 23, 2025, counsel for defendants-appellants conferred with counsel for plaintiffs-appellees. *See* Fifth Circuit Rule 27.4. Counsel for plaintiffs-appellees advised that they take no position on the motion.

Dated: September 23, 2025

*s/ Justin L. Matheny*
Justin L. Matheny
*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the word limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding the exempted parts of the document, it contains 2,648 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface, including serifs, using Microsoft Word 2016, in Century Schoolbook 14-point font.

Dated: September 23, 2025

*s/ Justin L. Matheny*
Justin L. Matheny
*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I, Justin L. Matheny, hereby certify that this motion has been filed with the Clerk of Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.

Dated: September 23, 2025

*s/ Justin L. Matheny*
Justin L. Matheny
*Counsel for Defendants-Appellants*
