No. 25-60506

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DYAMONE WHITE; DERRICK SIMMONS; TY PINKINS; CONSTANCE OLIVIA SLAUGHTER HARVEY-BURWELL,
*Plaintiffs-Appellees,*

*v.*

STATE BOARD OF ELECTION COMMISSIONERS; TATE REEVES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF MISSISSIPPI; LYNN FITCH, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF MISSISSIPPI; MICHAEL WATSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE OF MISSISSIPPI,
*Defendants-Appellants.*

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:22-cv-00062-SA-JMV

## JOINT MOTION TO LIFT STAY AND TO VACATE AND REMAND

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION | LYNN FITCH |
| ARI J. SAVITZKY |   *Attorney General* |
| MING CHEUNG | SCOTT G. STEWART |
| NINA MCKAY |   *Solicitor General* |
| SOPHIA LIN LAKIN | JUSTIN L. MATHENY |
| 125 Broad Street, 18th Floor | ANTHONY M. SHULTS |
| New York, NY 10004 |   *Deputy Solicitors General* |
| Telephone: (212) 549-2500 | MISSISSIPPI ATTORNEY |
| Email: asavitzky@aclu.org |   GENERAL'S OFFICE |
| | P.O. Box 220 |
| | Jackson, MS 39205-0220 |
| | Telephone: (601) 359-3680 |
| | Email: justin.matheny@ago.ms.gov |

*Counsel for Plaintiffs-Appellees*      *Counsel for Defendants-Appellants*

(*Additional counsel listed in signature block*)

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certify that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Plaintiffs-Appellees:

**<u>Parties</u>**

1. Dyamone White

2. Derrick Simmons

3. Ty Pinkins

4. Constance Olivia Slaughter Harvey-Burwell

**<u>Counsel</u>**

1. Ari J. Savitzky

2. Ming Cheung

3. Nina Nayiri McKay

4. Sophia Lin Lakin

5. Patricia Jia Yan

6. Joshua Fiyenn Tom

7. Ayanna Denise Hill

8. Jonathan K. Youngwood

9. V. Benjamin Noah Gimbel

10. Janet A. Gochman

11. Bradley E. Heard

12. Ahmed K. Soussi

13. Sabrina S. Khan

14. American Civil Liberties Union Foundation

15. American Civil Liberties Union of Mississippi Foundation

16. Simpson Thacher & Bartlett LLP

17. Southern Poverty Law Center

*s/ Ari J. Savitzky*
Ari J. Savitzky
*Counsel for Plaintiffs-Appellees*

Defendants-Appellants:

**Parties**

1. The Mississippi State Board of Election Commissioners

2. Tate Reeves, in his official capacity as Governor of Mississippi

3. Lynn Fitch, in her official capacity as Attorney General of Mississippi

4. Michael Watson, in his official capacity as Secretary of State of Mississippi

**Counsel**

1. Scott G. Stewart

2. Justin L. Matheny

3. Anthony M. Shults

4. Mississippi Attorney General's Office

5. Michael B. Wallace

6. Charles E. Cowan

7. Wise Carter Child & Caraway, P.A.

> s/ *Justin L. Matheny*
> Justin L. Matheny
> *Counsel for Defendants-Appellants*

## JOINT MOTION TO LIFT STAY AND TO
## VACATE AND REMAND

The parties respectfully submit this joint motion pursuant to Rule 27 of the Federal Rules of Appellate Procedure to lift the stay in this case, and to vacate the district court's opinion and order on appeal and remand for further proceedings in light of the U.S. Supreme Court's decision in *Louisiana v. Callais*, 608 U.S. ____, Nos. 24-109 & 24-110, 2026 WL 1153054 (April 29, 2026). The grounds for granting the motion are set forth as follows:

1. This appeal arises from a challenge brought by private parties claiming that the election districts for Mississippi's State Supreme Court violate Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. *See generally White v. State Board of Election Commissioners*, 795 F. Supp. 3d 794 (N.D. Miss. 2025). In August 2024, the district court held an eight-day bench trial. *Id.* at 801. On August 19, 2025, the district court ruled that the Mississippi Supreme Court election districts "violate[] Section 2 of the Voting Rights Act" and enjoined future elections using those lines. *Id.* at 859-60. In doing so, the district court applied its understanding of the then-existing legal standard for assessing Section 2 vote dilution as set forth in *Thornburg v. Gingles*, 478 U.S. 30 (1986), and its progeny. *See White*, 795 F. Supp. 3d at 805-59.

2. Defendants-Appellants timely appealed. Defendants-Appellants then moved this Court to hold this appeal in abeyance pending the

resolution of certain cases relating to Section 2 and/or redistricting, including the *Callais* case then pending before the U.S. Supreme Court. Mot., Dkt. 11. On September 29, 2025, this Court granted the motion and stayed this appeal. *See* Order, Dkt. 27.

3. On April 29, 2026, the U.S. Supreme Court decided *Callais*. In its opinion, the Court addressed the substantive vote dilution standard under Section 2, and "updat[ed] the *Gingles* framework" for establishing a vote dilution claim in several respects. *Callais*, 2026 WL 1153054, at *2.

4. While this appeal was stayed, and just before the *Callais* decision issued, the district court in this case began remedial proceedings. However, no remedial order has issued yet.

5. Under these circumstances, "when intervening Supreme Court precedent affects a case pending before [this Court] on direct appeal," this Court's "normal … practice" is to "vacate the judgment below and remand for reconsideration in light of the new decision." *Utah v. Su*, 109 F.4th 313, 319 & n.10 (5th Cir. 2024) (collecting cases); *accord United States v. Rose*, 127 F.4th 619, 620 (5th Cir. 2025); *Hill v. Int'l Paper Co.*, 121 F.3d 168, 177 (5th Cir. 1997); *Vicknair v. Formosa Plastics Corp. Louisiana*, 98 F.3d 837, 837 (5th Cir. 1996); *Jenkins v. McDermott, Inc.*, 742 F.2d 191, 192-93 (5th Cir. 1984).

6. Adhering to that practice makes sense here. The district court relied on the pre-*Callais* Section 2 vote dilution test in its findings of fact

and conclusions of law. Having already presided over a bench trial, as well as a post-trial evidentiary hearing as part of the remedial process, the district court is best positioned to determine what if any additional or further proceedings or submissions may be necessary in light of the Supreme Court's updating of the Section 2 test in *Callais*.

## REQUEST FOR RELIEF

The parties jointly request that the Court lift the stay in this case, and vacate the district court's August 19, 2025 opinion and order and remand for further proceedings in light of *Louisiana v. Callais*, 608 U.S. ___, Nos. 24-109 & 24-110, 2026 WL 1153054 (April 29, 2026). The parties further request that, in light of the joint nature of this motion, the mandate issue forthwith.

Respectfully submitted,

LYNN FITCH
  *Attorney General*

*s/ Justin L. Matheny*

SCOTT G. STEWART
  *Solicitor General*
JUSTIN L. MATHENY
MICHAEL B. WALLACE          ANTHONY M. SHULTS
CHARLES E. COWAN              *Deputy Solicitors General*
WISE CARTER CHILD &          MISSISSIPPI ATTORNEY
  CARAWAY, P.A.                 GENERAL'S OFFICE
P.O. Box 651                 P.O. Box 220
Jackson, MS 39205-0651       Jackson, MS 39205-0220
Telephone: (601) 968-5500    Telephone: (601) 359-3680
                             Email: justin.matheny@ago.ms.gov

*Counsel for Defendants-Appellants*

4

AMERICAN CIVIL LIBERTIES
UNION
OF MISSISSIPPI FOUNDATION
Joshua Tom (Miss. Bar No. 105392)
101 South Congress Street
Jackson, MS 39201
(601) 354-3408
*JTom@aclu-ms.org*

SIMPSON THACHER & BARTLETT
LLP
Jonathan K. Youngwood (Miss. Bar
No. 106441)
Janet Gochman
Noah Gimbel
425 Lexington Avenue
New York, NY 100017
(212) 455-2000
*jyoungwood@stblaw.com*

*s/ Ari J. Savitzky*
AMERICAN CIVIL LIBERTIES
UNION
FOUNDATION
Ari J. Savitzky
Ming Cheung
Nina McKay
Sophia Lin Lakin
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
*asavitzky@aclu.org*

SOUTHERN POVERTY LAW
CENTER
Bradley E. Heard
Ahmed Soussi
Sabrina Khan
150 E Ponce de Leon Avenue, Suite
340
Decatur, GA 30030
(470) 521-6700
*bradley.heard@splcenter.org*

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF CONFERENCE

On May 6, 2026, counsel for the parties conferred and agreed upon the form and contents of this joint motion. *See* 5th Cir. R. 27.4.

Dated: May 6, 2026

<u>*s/ Justin L. Matheny*</u>
Justin L. Matheny
*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This joint motion complies with the word limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding the exempted parts of the document, it contains 614 words. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface, including serifs, using Microsoft Word 2016, in Century Schoolbook 14-point font.

Dated: May 6, 2026

<u>*s/ Justin L. Matheny*</u>
Justin L. Matheny
*Counsel for Defendants-Appellants*

6

## CERTIFICATE OF SERVICE

I, Justin L. Matheny, hereby certify that the foregoing joint motion has been filed with the Clerk of Court using the Court's electronic filing system, which sent notification of such filing to all counsel of record.

Dated: May 6, 2026

*s/ Justin L. Matheny*
Justin L. Matheny
*Counsel for Defendants-Appellants*
